# In the United States Court of Federal Claims

No. 07-790 C

(E-Filed: May 7, 2009)

| | |
|---|---|
| ZORAIDA GONZALEZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Summary Judgment; RCFC 56; Home-to-Work Driving Under FLSA; Facts Indistinguishable from Facts in Adams II; No Change in Applicable Substantive Law Since Adams II |

Jules Bernstein, Washington, DC, for plaintiffs.  Linda Lipsett, Washington, DC, and Edgar James, Washington, DC, of counsel.

Shalom Brilliant, with whom were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION & ORDER

   Before the court are Plaintiffs' Motion for Partial Summary Judgment Regarding the "Driving Time" Issue, Plaintiffs' Memorandum of Law in Support Thereof, and Request for Oral Argument (plaintiffs' Motion or Pls.' Mot.), filed July 31, 2008 and Defendant's Cross-Motion for Partial Summary Judgment and Opposition to Plaintiffs' Motion for Partial Summary Judgment Regarding the "Driving Time" Issue (defendant's Motion or Def.'s Mot.), filed September 9, 2008.  On March 4, 2009 the court issued a show cause order directing plaintiffs to file a memorandum (1) describing how this case differs from Easter v. United States (Easter), 83 Fed. Cl. 236 (2008), appeal docketed, No. 2008-5187 (Fed. Cir., Sept. 30, 2008) and Garner v. United States (Garner), 85 Fed.

Cl. 756 (2009), and (2) "why Easter and Garner are not controlling." Show Cause Order of Mar. 9, 2009 (Show Cause Order) (Dkt. No. 26) at 2. Now also before the court in response to the Show Cause Order are Plaintiffs' Memorandum of Points and Authorities Showing Cause Why Judgment Should Not Be Entered in Favor of Defendant (plaintiffs' Show Cause Memorandum or Pls.' Show Cause Mem.), filed March 20, 2009 and Defendant's Response to Plaintiffs' Memorandum of Points and Authorities Showing Cause Why Judgment Should Not Be Entered in Favor of Defendant (defendant's Show Cause Memorandum or Def.'s Show Cause Mem.), filed April 3, 2009.

For the foregoing reasons, the court GRANTS defendant's Motion and DENIES plaintiffs' Motion.

I.      Background

Plaintiffs in this action are employed by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA) as "Diversion Investigators." Complaint (Compl.) ¶ 1. On November 9, 2007 plaintiffs filed their Complaint in this court, "seek[ing] to recover from defendant [(United States or government or defendant)] back pay, liquidated damages, interest, attorney's fees and costs pursuant to the Fair Labor Standards Act of 1938 [(FLSA)], as amended, 29 U.S.C. [§§ 201-219]." Id. Plaintiffs allege that from and after 2004 defendant inappropriately labeled them as exempt employees under the FLSA and thereby withheld from them "pay and benefits due . . . under the FLSA." Id. ¶¶ 7-10. Plaintiffs request that defendant be ordered "to conduct a full, complete and accurate accounting of all back overtime, premium and other pay, leave, holiday and excused and other paid absence compensation, and benefits, interest and liquidated damages due and owing to plaintiffs . . . from 2004." Id. ¶ 20(a).

In the parties' Joint Preliminary Status Report (JPSR), filed on March 3, 2008, plaintiffs and defendant stated that:

> The parties believe there is a reasonable likelihood of settlement on the issue of whether certain plaintiffs are exempt from the FLSA as well as a likelihood that the amount of damages due [to each] plaintiff[] can be resolved. It is unlikely that parties will resolve through settlement whether plaintiffs are entitled to be compensated for driving a Government-owned vehicle from home to work and work to home.

JPSR 4 (emphasis added). On May 4, 2009 the parties filed a stipulation of dismissal (Stipulation of Dismissal) of "all claims in this action that are not" related to home-to-work driving. Parties Stipulation of Dismissal 1.

2

On the same date that plaintiffs filed their Complaint, November 9, 2007, see Compl. 1, plaintiffs also filed with the court a Notice of Indirectly Related Cases (Not. of Indirectly Related Cases), stating that this case is "indirectly related to [Adams v. United States (Adams I), 65 Fed. Cl. 217 (2005)] . . . which [was] pending in the United States Court of Federal Claims, <u>the outcome of which [was] likely to call for a determination of the same or substantially similar questions as are presented in the instant case</u>." Not. of Indirectly Related Cases 1-2 (emphasis added). In Adams I, several thousand government employees brought "overtime pay claims for time spent driving to and from work in government-issued vehicles." Adams I, 65 Fed. Cl. at 219. After the United States Court of Federal Claims (USCFC) determined that these driving claims were non-compensable under the FLSA, id. at 241, the Adams I plaintiffs appealed to the United States Court of Appeals for the Federal Circuit (Federal Circuit). See Adams v. United States (Adams II), 471 F.3d 1321, 1324 (Fed. Cir. 2006).

On December 18, 2006 the Federal Circuit upheld the USCFC decision in Adams I and held that, according to precedent set in Bobo v. United States (Bobo), 136 F.3d 1465 (Fed. Cir. 1998), "commuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis." Adams II, 471 F.3d at 1328. The Federal Circuit found that the Adams II plaintiffs' driving claims were de minimis and were therefore properly denied. Id. The Federal Circuit's decision in Bobo–holding that an employee's driving of an employer's vehicle to and from work was not compensable under the FLSA, Bobo, 136 F.3d at 1468–was based on the Portal-to-Portal Act of 1947 (Portal-to-Portal Act), Pub. L. No. 80-49, 61 Stat. 84 (codified at 29 U.S.C. §§ 251-262 (2006)), a Congressionally-enacted exception to the FLSA.[1] See Bobo, 136 F.3d at 1467-68. The Adams II plaintiffs'

---

[1] The Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84 (codified at 29 U.S.C. §§ 251-262 (2006)), amended by the Employee Flexibility in Commuting Act of 1996, Pub. L. No. 104-188, § 2102, 110 Stat. 1755, 1928, now states, in relevant part:

> [N]o employer shall be subject to any liability or punishment under the Fair Labor Standards Act [(FLSA)] . . . [for] failure . . . to pay an employee minimum wages, or to pay an employee overtime compensation, for . . . (1) walking, riding, or <u>traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform</u>, and (2) activities which are preliminary to or postliminary to said principal activity or activities . . . . For purposes of this subsection, <u>the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if the use of such vehicle for travel is within the normal</u>

(continued...)

petition for rehearing en banc was denied, Adams v. United States, 219 F. App'x 993 (Fed. Cir. 2007) (table), as was their petition for a writ of certiorari, Adams v. United States, 128 S. Ct. 866 (2008).

II.  Discussion

   A.  Standard for Summary Judgment

Rule 56 of the Rules of the United States Court of Federal Claims (RCFC) provides that summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. RCFC 56(c)(1); see Anderson v. Liberty Lobby, Inc. (Anderson), 477 U.S. 242, 247 (1986)[2]; Jay v. Sec'y of Dep't of Health & Human Servs., 998 F.2d 979, 982 (Fed. Cir. 1993).  A fact is material if it might "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.  Disputes over facts that are not outcome determinative will not preclude the entry of summary judgment.  Id.  Any doubts about factual issues are resolved in favor of the party opposing summary judgment, Litton Indus. Prods., Inc. v. Solid State Sys. Corp., 755 F.2d 158, 163 (Fed. Cir. 1985), to whom the benefits of all favorable inferences and presumptions run, see H.F. Allen Orchards v. United States, 749 F.2d 1571, 1574 (Fed. Cir. 1984), cert. denied, 474 U.S. 818 (1985).

   B.  The Arguments in Plaintiffs' Show Cause Memorandum Are Not Persuasive

Plaintiffs offer two arguments that differ from the arguments made by the plaintiffs in Easter and Garner.  First, plaintiffs argue that "the [c]ourt is faced with record evidence, which . . . establishes that by plaintiffs having engaged in required home-to-work driving of Government vehicles, defendant benefitted by reason of an

---

[1](...continued)
commuting area for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a) (2006) (emphases added).

[2]  The Rules of the United States Court of Federal Claims (RCFC) generally mirror the Federal Rules of Civil Procedure (FRCP).  RCFC 56 Rules Committee Notes ("The subdivision structure of RCFC 56 was reordered to more closely conform to FRCP 56.").  Therefore, this court relies on cases interpreting FRCP 56, as well as those interpreting RCFC 56.

increase in the amount of productive 'on the job' work by plaintiffs." Pls.' Show Cause Mem. 2.  Plaintiffs claim that the "on the job" productivity "distinguishes clearly the instant case from both Easter and Garner."  Id.  Defendant argues that "[t]his purported distinction is not a material one, and not one that warrants a different result here."  Def.'s Show Cause Mem. 2.  The court agrees with defendant.  The court does not see any distinction between an increase in "on the job" productivity by home-to-work driving in a government-owned car, and the observation by the Federal Circuit in Adams II that "the plaintiffs are issued government-owned police vehicles and required as a condition of their employment to commute from home to work in those vehicles.  This requirement facilitates their employers' law enforcement missions."  Adams II, 471 F.3d at 1323.  Plaintiffs' claimed increase of productivity, see Pls.' Show Cause Mem. 2, merely "facilitates their employers' law enforcement missions," see Adams II, 471 F.3d at 1323.

     Plaintiffs' second claim is that "required driving of Government vehicles between home and their first and last 'field work' sites must . . . be compensated under FLSA" because "driving from the plaintiffs' offices to their first 'field work' stops would be compensable under FLSA."  Pls.' Show Cause Mem. 3.  Defendant states that "driving between work locations and driving to and from work are quite distinguishable" because the second activity is "commuting" and the first activity "is not."  Def.'s Show Cause Mem. 3.  Defendant also notes that plaintiffs use the terms "'first work site' and 'last work site' without any basis even in alleged facts, in order to support a distinction that would only be pertinent under an interpretation of the [FLSA] that the Federal Circuit did not adopt, much less rely upon as the basis for its decision."  Def.'s Mot. 17.  Additionally, plaintiffs have not "offered evidence concerning the nature of their field work that supports distinguishing their driving from that involved in Bobo and Adams."  See id.  The court agrees with defendant that "utilization of Government vehicles for home-to-work driving does not necessarily involve any driving during the course of the work day," id., and nothing in plaintiffs' Show Cause Memorandum offers anything to the contrary, see Pls.' Show Cause Mem. passim.

     The reasoning in Adams II applies to both of plaintiffs' arguments in plaintiffs' Show Cause Memorandum.  The "facts" that plaintiffs propose as their basis for distinguishing their case from Adams II have already been addressed in Adams II in perhaps slightly different phrasing.  See Adams II, 471 F.3d at 1328 ("[C]ommuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis.").  Because Adams II addresses the circumstances proposed by plaintiffs as their basis for distinguishing this case from Adams II, there is no dispute of material fact, and defendant is entitled to summary judgment as a matter of law.

  C. The Reasoning in Easter and Garner Is Applicable to This Case

Because the court sees no material differences between the facts, circumstances, and arguments made by the parties in this case and the facts, circumstances, and arguments made by the parties in Easter and Garner, the court adopts the reasoning of the Easter and Garner opinions and incorporates pages 240 through 250 of the Easter decision, Easter, 83 Fed. Cl. at 240-50, and pages 759 through 769 of the Garner decision, Garner, 85 Fed. Cl. at 759-69, into this opinion by reference.

III. Conclusion

Plaintiffs have argued that the precedents of Adams II and Bobo are not controlling because this case involves distinguishable facts, see Pls.' Mot. 20-22, because the applicable law has changed, see id. at 6-19, and because the Federal Circuit was incorrect in its FLSA interpretation in Adams II and Bobo, see id. at 22-32. The court resolved each of these disputes against the plaintiffs in the Easter and Garner decisions, see supra Part II.C, and the court does not find any of the arguments made in plaintiffs' Show Cause Memorandum persuasive, see supra Part II.B.  Because the facts and circumstances of this case are substantially identical to those in Adams II, as well as those in Easter and Garner, and because there has been no change in the applicable law governing what constitutes "time worked" under the FLSA, this court follows the Federal Circuit precedent as to whether the FLSA requires employees to be compensated for driving between home and work in a government-owned vehicle.  See Coltec Indus. v. United States, 454 F.3d 1340, 1353 (Fed. Cir. 2006) ("There can be no question that the Court of Federal Claims is required to follow the precedent of the Supreme Court, [the Federal Circuit], and [the] predecessor court [of the Federal Circuit], the Court of Claims." (citations omitted)).  Based upon the precedent of Adams II, defendant is entitled to summary judgment.  See Adams II, 471 F.3d at 1328 ("[C]ommuting done for the employer's benefit, under the employer's rules, is noncompensable if the labor beyond the mere act of driving the vehicle is de minimis.").  Defendant's Motion is GRANTED as to home-to-work driving and plaintiffs' Motion is DENIED.  The Clerk of Court is DIRECTED TO ENTER JUDGMENT in favor of defendant.

  IT IS SO ORDERED.

               s/Emily C. Hewitt
               EMILY C. HEWITT
               Chief Judge